## William H. Horstman et al., Plffs. in Err., *v.* William Zimmerman et al.

The burden of proof is upon the holder of a note given for a patent right, which does not contain the words "Given for a patent right," of showing that he acquired the note before maturity and for value, without notice; and the question is one of fact for the jury.

(Decided May 3, 1886.)

Error to the Common Pleas of Schuylkill County to review a judgment for defendants in an action upon certain promissory notes. Affirmed.

Cited in Troxell .v. Malin, 9 Pa. Super. Ct. 483, 490, 43 W. N. C. 549, and in Hankey v. Downey, 116 Ind. 118, 1 L. R. A. 447, 18 N. E. 271.

NOTE.—By the act of April 12, 1872 (P. L. 60), notes given for patent rights, so marked upon their face, are subject to the same defenses in the hands of any holder or purchaser as when in the hands of the original holder. If not so marked, the note passes to the innocent purchaser before maturity, as does any other negotiable instrument. Haskell v. Jones, 86 Pa. 173. But the rule is otherwise where notice existed. Troxell v. Malin, 9 Pa. Super. Ct. 483, 43 W. N. C. 547; Weaver v. Frantz, 1 Pennyp. 153; Hunter v. Henninger, 93 Pa. 373. As to validity of notes given for patent rights, see editorial note to First Nat. Bank v. Stockell, 20 L. R. A. 605, presenting the authorities.

Mrs. J. M. Mitchell was engaged in the manufacture and sale of certain specifics, and also in the use of certain processes for the preservation of meats, etc., under the name of the National Ozone Preserving Company.

On December 31, 1882, through her agent, she sold to William Zimmerman and W. J. Beecher, trading as Zimmerman & Beecher, the right to use the patented articles in Schuylkill county, and made them the exclusive agents for the sale of rights in certain counties of the state. In part payment for these rights defendants gave the notes in suit, which were in the usual form and were not marked "Given for a patent right," as required by the act of April 12, 1872.

Mrs. Mitchell had previously become indebted to William Horstman & Sons, the plaintiffs in this action. She transferred to them these notes in part payment of her indebtedness, and they brought this suit to collect their amounts.

The defendants set up several grounds of defense, and among them: (1) The failure of consideration, in that the notes were given for the right to use a patented process which had proved worthless; (2) that plaintiffs were not holders for value; (3) that plaintiffs had notice that the notes had been given for a patent right.

The court left it to the jury to find whether plaintiffs were holders of the notes for value before maturity, and without notice of the equities existing between the makers and the payee, instructing them as follows:

"If you find that the consideration of the notes in this suit is the right to make, use, or vend any patent invention, or inventions claimed to be patented, and that the fact that such is the consideration of the notes was known to the plaintiffs or to William Schultz, Jr., one of the plaintiffs, at or before the time the plaintiffs received or acquired said notes, then these notes are subject to the same defenses as they would be if held by the payee, the Ozone Preserving Company, and the defendants in this suit could set up any fraud or total failure of consideration which they may have proven, just as they could if the payee of these notes were here demanding payment.

"If you find that the plaintiffs, or William Schultz, Jr., one of the plaintiff's, knew under what circumstances these notes were obtained from the defendants, and were fully informed as to what the consideration of these notes is, at or before the time

they acquired the same, and further find that the consideration of the notes wholly and entirely failed, then the plaintiffs cannot recover; and in case you so find from all the testimony before you, you should render a verdict for the defendants. There is no presumption of a failure of the consideration of these notes; but the burden of proving failure of consideration is upon the defendants who allege it."

The jury returned a verdict for defendants, and from the judgment entered thereon plaintiffs brought error.

*C. Little, J. R. Adams,* and *James Ryon,* for plaintiffs in error.—It is not the law in Pennsylvania that a man is bound to inquire if the circumstances under which he takes a promissory note may excite the suspicion of a prudent and careful man, but the contrary is the law.

In Phelan v. Moss, 67 Pa. 59, 5 Am. Rep. 402, Moss signed a note, payable to Benton or bearer, which was a fraud on Moss. Phelan bought it from a holder bona fide for value and without notice of the fraud. Held, that he could recover from Moss.

If one, by his acts or silence or negligence, misleads another or effects a transaction whereby an innocent party suffers, the blamable party must bear the loss. Garrard v. Haddan, 67 Pa. 82, 5 Am. Rep. 412.

If the maker of a bill, note, or check issue it in such a condition that it may easily be altered without detection, he is liable to a bona fide holder who takes it in the usual course of business before maturing. Phelan v. Moss, 67 Pa. 59, 5 Am. Rep. 402; Zimmerman v. Rote, 75 Pa. 188; Brown v. Reed, 79 Pa. 370, 21 Am. Rep. 75.

The latest decisions, both in England and this country, have set strongly in favor of the principle that nothing but clear evidence of knowledge or notice, fraud or *mala fides,* can impeach the prima facie title of a holder of negotiable paper taken before maturity. Goodman v. Harvey, 4 Ad. & El. 870; Goodman v. Simonds, 20 How. 348, 15 L. ed. 934; Phelan v. Moss, 67 Pa. 59, 5 Am. Rep. 402.

It is of the utmost importance to the commerce of the country that it should be sternly adhered to, however hard may be its operation in particular cases. Moorehead v. Gilmore, 77 Pa. 124, 18 Am. Dec. 435.

The indorsee of a negotiable note, who took it before maturity

bona fide for value without notice, is entitled to recover from the maker although a fraud was practised on the maker in obtaining his signature to the note.    McSparran v. Neeley, 91 Pa. 17.

Where the holder of a note received it for an antecedent debt, he is a holder for a valuable consideration.    Kirkpatrick v. Muirhead, 16 Pa. 123; Rosenberger v. Bitting, 15 Pa. 278.

*William Wilhelm* and *John W. Ryon* for defendants in error.

PER CURIAM:

It is undoubted that the notes in question were given in consideration of a sale to the makers of a right to use and sell in certain counties specified articles claimed by the vendor to be patented.   The words "Given for a patent right" were not printed or written on the face of the notes as directed by the act of April 12, 1872 (Purdon's Digest, 1173).

Under the facts shown, to enable the plaintiffs to recover, it was necessary for them to prove that they were holders without notice and for value before the notes matured.   These were questions of fact, and were well submitted to the jury.

Judgment affirmed.